THE STATE OF KANSAS v. WILLIAM W. SNYDER.

No. 13,522.   (74 Pac. 231.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Incompetent Testimony.* On a trial for
selling intoxicating liquor contrary to law, a witness for the state
who has testified to purchases of beer from the defendant, which
he drank, cannot be asked, upon cross-examination, to drink from
a bottle of strange liquor proffered him and then to state if such
liquor is of the same kind as that he had previously purchased.

Appeal from Geary district court; O. L. MOORE,
judge.   Opinion filéd November 7, 1903.   Affirmed.

*C. C. Coleman,* attorney-general, and *W. S. Roark,*
county attorney, for The State.

*Humphrey & Humphrey,* for appellant.

The opinion of the court was delivered by

BURCH, J. :  Appellant was convicted of selling in-
toxicating liquors contrary to law.   On the trial wit-.
nesses for the state testified that they had purchased
from the appellant beer, which they drank.   After
the direct examination of one of these witnesses had
closed, appellant's attorneys requested him to drink
from a bottle then proffered him and to say if the
liquid it contained was of the same kind as that the
appellant had sold him.   The purpose of the proceed-
ing was stated by appellant's attorney, as follows :

· "What we want to do is to find out from this wit-
ness precisely what drink it was that he got and drank
upon these occasions that he was at Snyder's.   Then,
we are in a position to determine what it was in fact
he drank.   I will state to the court that the line of
our defènse will be that this man is selling what is
known as an imitation or substitute for beer ; a drink

51—67 KAN.

that is made in simulation of beer; that it is made of precisely the same ingredients as beer, except that the per cent. of alcohol is less, being so low that it is not an intoxicating drink, being expressly manufactured for Kansas and other prohibitory states. That is the purpose of the testimony."

Substantially the same question and offer were repeated upon the examination of another witness, but seasonable objections were promptly sustained. Upon appeal from a judgment of conviction these rulings are assigned as error.

The question at issue was the intoxicating quality of the liquor the witnesses had purchased. Upon this subject the witnesses had expressed opinions to the effect that it was beer. The basis of these opinions, of course, lay in the qualifications of the witnesses to identify beer. The questions asked called for nothing more than opinions as to whether or not the strange liquor was also beer. If it were the same as that which the witnesses had drunk before, it would in their opinion be beer; otherwise not. Therefore, the course of the examination tended to shift the inquiry so as to present the new problem of what the fresh bottle contained.

This matter was utterly extrinsic, and therefore rightfully excluded. If a defendant were possessed of a variety of simulatory brews the issues might be multiplied accordingly, and the court be overwhelmed with a flood of collateral issues. Although the state must come prepared to prove the facts alleged in the information, it cannot be put to the sudden hazard of stemming such a possible tide. If the witnesses for the state had been asked upon direct examination if a signature were genuine, instead of having been asked if a beverage were beer, they could not have been cross-examined upon other unproved and unadmitted

writings. ( *Gaunt v. Harkness*, 53 Kan. 405, 36 Pac.
739, 42 Am. St. Rep. 297, and cases cited in the opin-
ion.)   For the same reasons they could not be cross-
examined upon dubious drinks.   If the witnesses had
said the liquor which appellant assumed they would
sample was the same they had been getting, and was,
therefore, beer, it was his avowed purpose to impeach
them upon that purely collateral matter.   The evi-
dence was, therefore, rightly excluded as irrelevant
and immaterial.

The judgment of the district court is affirmed.

All the Justices concurring.